# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALICIA HART

**(b)** County of Residence of First Listed Plaintiff: **LEHIGH**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kitay Law Offices
1810 Union Blvd., Allentown, PA 18109 (610) 776-1700

## DEFENDANTS
BEAR STAFFING SERVICES, INC. a/k/a BEAR STAFFING SERVICES CORP. t/d/b/a BEAR STAFFING SERVICES

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12112(a); 42 U.S.C. § 2000e-2(a)(1)

Brief description of cause:
Failure to Accommodate/Discriminatory Discharge

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 06/30/2020

SIGNATURE OF ATTORNEY OF RECORD
*William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 20 South 24th Street, Allentown, PA 18104

Address of Defendant: 8971 Daniels Center Drive, Suite 305, Fort Myers, FL 33912

Place of Accident, Incident or Transaction: Allentown, Lehigh County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/29/2020    *William P. Mansour* (signature)    318833
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. [✓] Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William P. Mansour, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 06/29/2020    *William P. Mansour* (signature)    318833
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Alicia Hart                                              :         CIVIL ACTION
                                                         :
                v.                                       :
                                                         :
Bear Staffing Services, Inc.                             :         NO. 5:20-CV-03181

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)


06-29-2020                William P. Mansour              Alicia Hart
**Date**                  **Attorney-at-law**             **Attorney for**

(610)776-1700             (484)350-3200                   wmansour@kitaylegal.com
**Telephone**             **FAX Number**                  **E-Mail Address**


(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA HART, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 5:20-cv-03181<br>) |
| v. | )<br>)<br>) |
| BEAR STAFFING SERVICES, INC. a/k/a<br>BEAR STAFFING SERVICES CORP.<br>t/d/b/a BEAR STAFFING SERVICES, | ) CIVIL ACTION – LAW<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

NOW COMES, Plaintiff ALICIA HART ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendant BEAR STAFFING SERVICES, INC. a/k/a BEAR STAFFING SERVICES CORP. t/d/b/a BEAR STAFFING SERVICES ("Defendant") as follows:

### INTRODUCTION

1. This race, color, and disability employment discrimination action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"). Specifically, as set forth in more detail herein, Plaintiff alleges that she was denied a reasonable accommodation and discharged from her employment in violation of the ADA and that she was denied a reasonable accommodation and discharged from her employment because of her race and color in violation of Title VII.

## PARTIES

2.      Plaintiff is an adult individual currently residing at 20 S. 24th Street, Allentown, PA 18104. She is a black, African-American female.

3.      Defendant is a national, for-profit employment agency incorporated under the laws of the State of Florida. Defendant's principal place of business is located at 8971 Daniels Center Drive, Suite 305, Fort Myers, FL 33912. Defendant employed at least 15 employees in each of at least 20 working weeks in 2018 and 2019.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to this action occurred within this district.

6.      On January 10, 2020, Plaintiff timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

7.      On May 18, 2020, EEOC issued Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **EXHIBIT A.** This action is being commenced within ninety (90) days of Plaintiff's receipt of that Notice.

## FACTUAL ALLEGATIONS

8.      Defendant hired Plaintiff on March 4, 2019 as a full-time "Staffing Specialist" at Defendant's Allentown office located at 2200 Hamilton Street, Suite #108, Allentown, PA 18104.

9.      Plaintiff's job duties included, among other things, recruiting applicants and job-seekers and helping them find temporary employment.

10.     At all times relevant and material hereto, Plaintiff was qualified for the position of "Staffing Specialist" and was performing her job duties satisfactorily.

11. At all times relevant and material hereto, Plaintiff was the only black African-American employee at Defendant's Allentown office.

12. In 2016, Plaintiff was diagnosed with gastrointestinal reflux disease ("GIRD"), a medical condition that affects her digestive system, which is a major bodily function. Since 2016, Plaintiff has received, and continues to receive, regular medical treatment for this condition.

13. At all times relevant and material hereto, Defendant was aware of Plaintiff's medical condition. Specifically, shortly after she was hired, Plaintiff informed her manager, Shelley Seip, of her condition and that she received regular medical treatment for that condition.

14. At all times relevant and material hereto, Ms. Seip was Defendant's Branch Operations Manager and was acting within the course and scope of her employment.

15. Between her date of hire and July 9, 2019, Plaintiff was absent from work on six (6) different dates. On at least three (3) of these dates, Plaintiff was absent to receive medical treatment for her GIRD.

16. On the at least three (3) dates where Plaintiff was absent from work to receive medical treatment for her GIRD, she notified Ms. Seip of her absences in advance and the reasons therefor.

17. On July 10, 2019, Ms. Seip placed Plaintiff on a sixty (60) day probationary period related to her attendance.

18. From July 25, 2019 through August 4, 2019, Plaintiff was absent from work on a pre-approved, unpaid vacation. She was scheduled to return to work on August 5, 2019.

19. On August 4, 2019, however, Plaintiff notified Ms. Seip via text message that her flight was delayed and that should would not be able to return to work until August 6, 2019.

20. Given the circumstances and the fact that the flight schedule was out of Plaintiff's control, Ms. Seip agreed to let Plaintiff be absent from work on August 5, 2019 and to return on August 6, 2019.

21. Plaintiff returned to work on August 6, 2019 and continued to work full-time, without incident, until September 5, 2019.

22. On September 5, 2019, Plaintiff sought emergency medical treatment for her GIRD at the hospital. Before leaving for the hospital, Plaintiff immediately notified Ms. Seip that she would be absent from work that day because she was going to the hospital due to a flare-up of her GIRD.

23. Later that same day, Plaintiff received a voicemail from Defendant's Regional Branch Manager, Lauren Hale, informing her that Defendant was terminating her employment due to her alleged attendance policy violations.

24. Despite having knowledge of Plaintiff's medical condition, and that she was absent from work on September 5, 2019 due to emergency medical treatment of that medical condition, Defendant failed to engage in the interactive process and failed to offer Plaintiff a reasonable accommodation (e.g. unpaid leave without penalty). Instead, Defendant terminated Plaintiff's employment.

25. In addition, during Plaintiff's time working for Defendant, she personally heard Ms. Seip make many racist and racially-insensitive comments about black African-Americans. For example, on several occasions, Ms. Seip referred to black African-American job-seekers as "these people." On another occasion, a black African American male applicant told Ms. Seip that he was in school studying criminal justice. When the applicant left, Ms. Seip told Plaintiff what he had said and then laughed, stating, "Let's check his criminal record."

26. In the summer of 2019, one of Defendant's white Caucasian male employees was absent from work due to illness for over a week and was not discharged from his employment or disciplined in any other way. Instead, he was told only that he would not receive pay for those days because he was a probationary employee and, thus, not yet entitled to PTO. Soon thereafter, that employee resigned because he received a job offer elsewhere. In fact, one of Defendant's owners personally visited the Allentown office in an effort to convince this white Caucasian male employee to stay.

27. Upon information and belief, Ms. Seip was the person who recommended to Ms. Hale that Defendant terminate Plaintiff's employment.

28. Upon information and belief, Ms. Hale's decision to terminate Plaintiff was based solely on Ms. Seip's recommendation.

29. Alternatively, upon information and belief, Ms. Seip was the person who decided to terminate Plaintiff and Ms. Hale was merely the person who communicated Ms. Seip's decision to Plaintiff.

30. Ms. Seip's recommendation and/or decision to terminate Plaintiff, and not offer her a reasonable accommodation for her disability, was motivated, at least in part, on Plaintiff's race and color.

**COUNT I**
**FAILURE TO ACCOMMODATE AND DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 12112(a), THE AMERICANS WITH DISABILITIES ACT**

31. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

32. Plaintiff had a physical condition (GIRD) that substantially impaired a major bodily function (her digestive system).

33. Plaintiff was qualified to perform the essential functions of her job with a reasonable accommodation.

34. Defendant, through Ms. Seip, knew of Plaintiff's medical condition prior to September 5, 2019.

35. Defendant, through Ms. Seip, knew that Plaintiff was absent from work on September 5, 2019 because she was receiving emergency medical treatment for her medical condition.

36. Defendant failed to engage with Plaintiff in the interactive process and failed to provide her the reasonable accommodation of unpaid, intermittent leave to attend to, or treat, her medical condition.

37. Providing Plaintiff with unpaid, intermittent leave to attend to, or treat, her medical condition would not have been an undue hardship for Defendant since Defendant had previously allowed Plaintiff to be absent from work in order to attend to, or treat, her medical condition.

38. Instead of offering Plaintiff a reasonable accommodation for her medical condition, Defendant discharged her.

39. Defendant discharged Plaintiff from her employment, and failed to offer her a reasonable accommodation, intentionally and in reckless disregard for Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. All back pay from the date of termination through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

  c. Compensatory damages in an amount to be determined by a jury;

  d. Punitive damages in an amount to be determined by a jury;

  e. All costs and reasonable attorney's fees; and

  f. Any other relief deemed proper and just.

**COUNT II**
**DISCRIMINATORY DISCHARGE IN VIOLATION OF**
**42 U.S.C. § 2000e-2(a)(1), TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

40. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

41. Plaintiff is a member of a protected class because she is black and African-American.

42. At the time of her discharge, Plaintiff was performing her job duties satisfactorily.

43. Given Ms. Seip's prior racist and racially-insensitive statements, and the fact that a white Caucasian employee had not been discharged for violating Defendant's attendance policy ***as a probationary employee***, it can be reasonably inferred that Plaintiff's race and/or color was a motivating factor in Defendant's decision to discharge Plaintiff and deny her a reasonable accommodation.

44. Upon information and belief, the person Defendant hired to replace Plaintiff was not black or African-American.

45. Defendant discharged Plaintiff from her employment because of her race and/or color.

46. Defendant's purported legitimate, non-discriminatory reason for discharging Plaintiff was pre-textual because Defendant failed to uniformly enforce its attendance policy against a white Caucasian probationary employee in the summer of 2019.

47. Defendant discharged Plaintiff from her employment intentionally and in reckless disregard for Plaintiff's rights under federal law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

a. All back pay from the date of termination through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Compensatory damages in an amount to be determined by a jury;

d. Punitive damages in an amount to be determined by a jury;

e. All costs and reasonable attorney's fees; and

f. Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff ALICIA HART demands a trial by jury for all claims so triable.

*Respectfully Submitted,*

**KITAY LAW OFFICES**

BY: *William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Kitay Law Offices**
1810 Union Blvd.
Allentown, PA 18109
P: (610) 776-1700
Email: wmansour@kitaylegal.com

Attorney for Plaintiff Alicia Hart

Dated: June 30, 2020

8